UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARICELA R.,[1]<br>　　　　　Plaintiff,<br>　v.<br>KILOLO KIJAKAZI,<br>　　　　　Defendant. | Case No. 20-cv-06625-TSH<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 24, 37 |

## I.　INTRODUCTION

Plaintiff Maricela R. moves for summary judgment to reverse the decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denying her claim for disability benefits under the Social Security Act, 42 U.S.C. § 401 et seq. ECF No. 24. Defendant cross-moves to affirm. ECF No. 37. Pursuant to Civil Local Rule 16-5, the matter is submitted without oral argument. Having reviewed the parties' positions, the Administrative Record ("AR"), and relevant legal authority, the Court hereby **GRANTS** Plaintiff's motion and **DENIES** Defendant's cross-motion for the following reasons.[2]

## II.　PROCEDURAL HISTORY

On August 16, 2018, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act with a disability onset date of April 17, 2015. AR 205. Plaintiff alleged disability due to back and shoulder problems, chronic pain, left leg pain, bilateral carpal

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 11.

1   tunnel syndrome, depression, anxiety and panic attacks. AR 109-13, 117-22, 349, 356, 395. The
2   application was initially denied on November 1, 2018 and again on reconsideration on December
3   19, 2018. AR 109-13, 117-22. An Administrative Law Judge ("ALJ") held a hearing on July 11,
4   2019 and issued an unfavorable decision on November 22, 2019. AR 16-24. The Appeals
5   Council denied Plaintiff's request for review on July 27, 2020. AR 1-8. Plaintiff now seeks
6   review pursuant to 42 U.S.C. § 405(g).

### III.   ISSUES FOR REVIEW

Plaintiff raises four issues on appeal: (1) the ALJ erred at step four in (a) the identification of past relevant work and (b) rejecting the argument that she was illiterate in English and could not perform the general education requirement of the past work as generally performed; (2) the ALJ erred at step two in finding her impairments were non-severe; (3) the ALJ improperly discounted her subjective testimony; and (4) the ALJ erred in assessing the medical opinion evidence.

### IV.   STANDARD OF REVIEW

42 U.S.C. § 405(g) provides this Court's authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (simplified). It means "more than a mere scintilla, but less than a preponderance" of the evidence. *Garrison*, 759 F.3d at 1009 (citation omitted).

The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (citation omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Id.* at 1010 (citation omitted). If "the evidence can reasonably support either affirming or reversing a decision," the Court may not substitute its own judgment for that of

1    the ALJ." *Id.* (citation omitted).

2    Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is
3    harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111, 1115 (9th Cir. 2012). "[A]n error is harmless
4    so long as there remains substantial evidence supporting the ALJ's decision and the error does not
5    negate the validity of the ALJ's ultimate conclusion." *Id.* at 1115 (simplified). But "[a] reviewing
6    court may not make independent findings based on the evidence before the ALJ to conclude that
7    the ALJ's error was harmless." *Brown-Hunter*, 806 F.3d at 492. The Court is "constrained to
8    review the reasons the ALJ asserts." *Id.* (simplified).

## V.    DISCUSSION

### A.    Framework for Determining Whether a Claimant Is Disabled

A claimant is considered "disabled" under the Social Security Act if two requirements are met. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that the claimant is unable to perform previous work and cannot, based on age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

The regulations promulgated by the Commissioner of Social Security provide for a five-step sequential analysis to determine whether a Social Security claimant is disabled. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citation omitted).

At step one, the ALJ must determine if the claimant is presently engaged in a "substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i), defined as "work done for pay or profit that involves significant mental or physical activities." *Ford*, 950 F.3d at 1148 (internal quotations and citation omitted). Here, the ALJ determined Plaintiff had not performed substantial gainful activity since April 17, 2015, the alleged onset date. AR 18.

3

1    At step two, the ALJ decides whether the claimant's impairment or combination of
2    impairments is "severe," 20 C.F.R. § 404.1520(a)(4)(ii), "meaning that it significantly limits the
3    claimant's 'physical or mental ability to do basic work activities.'" *Ford*, 950 F.3d at 1148
4    (quoting 20 C.F.R. § 404.1522(a)).  If no severe impairment is found, the claimant is not disabled.
5    20 C.F.R. § 404.1520(c).  Here, the ALJ determined Plaintiff had the following severe
6    impairments: degenerative disc disease of the lumbar/cervical spine and degenerative joint disease
7    of the left shoulder.  AR 19.
8    At step three, the ALJ evaluates whether the claimant has an impairment or combination of
9    impairments that meets or equals an impairment in the "Listing of Impairments" (referred to as the
10   "listings").  *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1.  The listings
11   describe impairments that are considered "to be severe enough to prevent an individual from doing
12   any gainful activity."  *Id.* § 404.1525(a).  Each impairment is described in terms of "the objective
13   medical and other findings needed to satisfy the criteria of that listing."  *Id.* § 404.1525(c)(3).
14   "For a claimant to show that his impairment matches a listing, it must meet all of the specified
15   medical criteria.  An impairment that manifests only some of those criteria, no matter how
16   severely, does not qualify."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (footnote omitted).  If a
17   claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent
18   to the criteria of the diagnosis, he is conclusively presumed to be disabled, without considering
19   age, education and work experience.  20 C.F.R. § 404.1520(d).  Here, the ALJ determined Plaintiff
20   did not have an impairment or combination of impairments that meets the listings.  AR 20.
21   If the claimant does not meet or equal a listing, the ALJ proceeds to step four and assesses
22   the claimant's residual functional capacity ("RFC"), defined as the most the claimant can still do
23   despite their imitations (20 C.F.R. § 404.1545(a)(1)), and determines whether they are able to
24   perform past relevant work, defined as "work that [the claimant has] done within the past 15 years,
25   that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do
26   it."  20 C.F.R. § 404.1560(b)(1).  If the ALJ determines, based on the RFC, that the claimant can
27   perform past relevant work, the claimant is not disabled.  *Id.* § 404.1520(f).  Here, the ALJ
28   determined Plaintiff has the RFC to

>perform light work as defined in 20 CFR 404.1567(b) except she can lift and carry 20 pounds occasionally and 10 pounds frequently, sit 6 hours in an 8-hour workday, stand 6 hours in an 8-hour workday and walk 6 hours in an 8-hour workday. She can push and pull as much as she can lift and carry. She can occasionally reach overhead and occasionally balance. The claimant's time off-task may accommodated with normal breaks.

AR 20. Based on this RFC, the ALJ determined Plaintiff could perform past relevant work as a Social Services Aide. AR 23. As such, the ALJ determined Plaintiff has not been under a disability from April 17, 2015, through the date of the decision, and therefore did not reach the fifth step of the framework. *Id.*

**B.     Step Four**

Plaintiff testified that she completed eleven years of school in Mexico and attended approximately three or four months of English classes. AR 41. She described her past job as a "health educator" at La Clinica de la Raza, where she "worked with a companion who is college educated; we taught classes in different environments. Part of my responsibility is to bring with me all the materials for the class. I also had to buy the snacks coffee, sweet breads, and other things for the meetings." AR 46. Plaintiff testified to spending four hours in the office, and then four hours doing outreach and moving around and giving the classes. *Id.* She had "a table and a box that has wheels on it" for transporting the materials for the classes. AR 47. When the ALJ asked if she would "actually go up to the front of the class and conduct classes as a, as a teacher would," Plaintiff responded: "I did basic things like present the speaker, to set up the room, and to take attendance." *Id.*

Plaintiff also described her duties also as "[s]ometimes we have large groups and in that case I'll take a large coffee maker that will make 50 cups of coffee. I have to fill that very heavy pot with water. I've already been to the store to buy the coffee, the sweet bread, the milk, everything we need. At other times there's smaller groups, maybe 25 people, we have a smaller coffee pot but it's still heavy. Afterwards, there'll be leftover and I'll have to take the coffee pot and throw it out -- throw coffee out. I think all together, with the materials and the -everything else, it weighed around 30 pounds. And then it was more when we had to carry the table." AR 55.

Plaintiff testified that she remained on the job two years after the motor vehicle accident that caused her severe injuries, but she eventually needed help: "I needed help with that, in the last two years to do those things because of my shoulders and my arms." AR 49. She testified that her job was essentially created for her after she had been a volunteer at the clinic, and that she was the first person ever hired by the Clinica as a health educator. AR 55.

The vocational expert identified Plaintiff's past relevant work as a Social Services Aide, Dictionary of Occupational Titles[3] ("DOT") 195.367-034, with a Specific Vocational Profile[4] ("SVP") of 6. AR 63. Although the aide position is classified as "Light Work,"[5] DOT 195.367-034, 1991 WL 671601 (Jan. 1, 2016), the expert testified that Plaintiff could not perform her past work "as actually performed" because she performed it at the "medium" level of exertion. AR 63. The expert also testified that there would be no transferable skills to other occupations at the light level. *Id.* However, in response to the ALJ's hypothetical question based on the ability to perform light work, the expert testified that the job could be performed "as generally performed" since it was a light job. *Id.*

The ALJ found Plaintiff could perform her past relevant work as a "Social Services Aide," relying on the vocational expert's testimony in reaching his decision. AR 23.

---

[3] The Dictionary of Occupational Titles by the United States Department of Labor, Employment & Training Administration, may be relied upon "in evaluating whether the claimant is able to perform work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements and may be a primary source of information for the ALJ or Commissioner. 20 C.F.R. § 404.1566(d)(1). The "best source for how a job is generally performed is usually the Dictionary of Occupational Titles." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001).

[4] "The DOT lists an SVP time for each described occupation. Using the skill level definitions in 20 C.F.R. §§ 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." Social Security Ruling 00-4p.

[5] "Light Work - Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." *Id.*

Plaintiff argues her actual job duties as described in her testimony do not match up with the Social Services Aide position, particularly those duties which were performed at the medium exertion level exertion. Pl.'s Mot. at 6-7. She notes that she described her job on the Adult Disability Report as: "Will go to different schools, fairs, and churches and put up a booth on the streets to enroll in Obamacare and MediCal. Heaviest weight lifted 50 lbs. Frequently lifted less than 10 lbs." *Id.* at 6 (citing AR 351). Plaintiff argues her previous position should have been classified as a "composite job," and that the classification of past relevant work was erroneous because it is at a skill level beyond how she performed her job. *Id.* at 7-8.

According to the Social Security Administration Program Operations Manual System ("POMS"), "composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT." POMS § 25005.020(B).[6] If the ALJ "can accurately describe the main duties of [past relevant work] only by considering multiple DOT occupations, the claimant may have performed a composite job." *Id.*; *see also Morgan v. Berryhill*, 2017 WL 2628094, at *3 (W.D. Wash. June 19, 2017) (the ALJ only needs to evaluate past relevant work as a "composite job" where the "composite job[ ] ha[s] significant elements of two or more occupations and as such, ha[s] no counterpart in the DOT."); SSR 82-61 ("[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT."). Further, the POMS instructs that when comparing a claimant's RFC to a composite job as the claimant performed it, an ALJ may only find the claimant capable of performing the past relevant work if she can perform all parts of the job. POMS § 25005.020(B)

Here, it is unclear how the ALJ determined Plaintiff's prior work falls under the category of Social Services Aide. As a preliminary matter, the ALJ determined that Plaintiff retained the RFC to perform light work, including carrying 20 pounds occasionally and 10 pounds frequently.

---

[6] Available at https://secure.ssa.gov/poms.nsf/lnx/0425005020. According to the Supreme Court, "the rulings, interpretations and opinion of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1994). Although the Court was discussing a different agency, the opinions of the Social Security Administration in the POMS equally can provide guidance to the Court. *See id.*

7

1    AR 20. While a Social Services Aide is classified as light work and fits under this category, the
2    vocational expert testified, and the ALJ acknowledged, that Plaintiff testified she lifted up to 30
3    pounds, which would fall under medium work. AR 23, 63. While the ALJ notes the vocational
4    expert "testified that an individual with the same limitations as the claimant could perform the
5    position as generally performed," AR 23, he does not explain how Plaintiff could return to her past
6    relevant work, which consisted of medium level exertion, by classifying it as a position at the light
7    exertion level.

8    Because the record indicates Plaintiff performed her past relevant work at the medium
9    exertion level, but the ALJ determined Plaintiff's RFC remained at the light exertion level, it
10   appears the ALJ erred in concluding that she retained the RFC to perform the requirements of her
11   past work. The ALJ's error prevented him from proceeding to step five—whether Plaintiff is able
12   to do any other work considering her RFC, age, education, and work experience. The Court also
13   concludes that the error is not harmless error. As noted above, the Ninth Circuit has "recognized
14   that harmless error principles apply in the Social Security Act context." *Molina*, 674 F.3d at 1115
15   (citing *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).
16   The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the
17   error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered
18   to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate
19   non-disability determination.'" *Id.* (quoting *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d
20   1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard
21   to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinsheki v.*
22   *Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error
23   rule)).

24   Here, the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act
25   because he found she could perform past relevant work as a Social Services Aide. AR. 23.
26   However, as identified by the vocational expert, the position of Social Services Aide consists of
27   light work, while Plaintiff testified she worked as a health educator and performed medium work.
28   Further, although the vocational expert testified that an individual with the same limitations as

Plaintiff could perform the position as generally performed, an ALJ is not permitted to evaluate a composite job at the part of step four considering work "as generally performed in the national economy." POMS DI § 25005.020(B). Because the ALJ erred in this regard, Plaintiff does not have past relevant work as generally performed, and this finding is not based on substantial evidence in the record as a whole. *See Morgan*, 2017 WL 2628094, at *3 (ALJ erred in finding Plaintiff could perform past relevant work where actual past work as a composite of two or more separate occupations, but ALJ determined at step four she was able to perform the work "as generally performed in the national economy."). Accordingly, this matter should be reversed and remanded.

### C.    Remaining Arguments

Although Plaintiff raises additional arguments, the Court has already concluded that this matter should be reversed and remanded. Because this analysis likely impacts other portions of the ALJ's decision, the other issues raised by Plaintiff will not be considered here. However, the Agency should be mindful to consider those issues as part of its reconsideration on remand.

### D.    Remedy

The remaining question is whether to remand for further administrative proceedings or for the immediate payment of benefits under the credit-as-true doctrine. "When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). However, under the credit-as-true rule, the Court may order an immediate award of benefits if three conditions are met. First, the Court asks, "whether the 'ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Id.* (quoting *Garrison*, 759 F.3d at 1020). Second, the Court must "determine whether there are outstanding issues that must be resolved before a disability determination can be made, . . . and whether further administrative proceedings would be useful." *Id.* (citations and internal quotation marks omitted). Third, the Court then "credit[s] the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Id.*

9

(citing *Treichler*, 775 F.3d at 1101).

It is only "rare circumstances that result in a direct award of benefits" and "only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits." *Id.* at 1047. Further, even when all three criteria are met, whether to make a direct award of benefits or remand for further proceedings is within the district court's discretion. *Id.* at 1045 (citing *Treichler*, 775 F.3d at 1101). While all three credit-as-true factors may be met, the record as a whole could still leave doubts as to whether the claimant is actually disabled. *Trevizo v. Berryhill*, 871 F.3d 664, 683 n.11 (9th Cir. 2017). In such instances, remand for further development of the record is warranted. *Id.*

Here, the ALJ failed to fully and fairly develop the record when evaluating Plaintiff's disability claim, but it is not clear that the ALJ would be required to find Plaintiff disabled. Accordingly, remand for further proceedings is appropriate.

## VI.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's cross-motion, and **REVERSES** the ALJ's decision. This matter is **REMANDED** for further administrative proceedings consistent with this order. The Court shall enter a separate judgment, after which the Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: March 2, 2022

THOMAS S. HIXSON
United States Magistrate Judge